UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:21-cr-00197-HZ |
| v. | **INFORMATION** |
| **MELODIE A. ECKLAND,** | 18 U.S.C. § 1343; 18 U.S.C. § 1028A(a)(1); 26 U.S.C. § 7206(1); and 26 U.S.C. § 7202 |
| Defendant. | **Forfeiture Allegation** |

THE UNITED STATES ATTORNEY CHARGES:

## I.  INTRODUCTION

1. At all times material and relevant to this Information, defendant **MELODIE A. ECKLAND** (hereinafter **ECKLAND**) was a resident of Hillsboro, Oregon.  **ECKLAND** was the bookkeeper for an adoption and surrogacy agency (hereinafter "the adoption agency") owned by Adult Victims 1 and 2 (hereinafter "AV1 and AV2").  **ECKLAND** was employed by the adoption agency until her termination in April 2018.

2. The adoption agency, which was incorporated in 1993, is a non-profit adoption and surrogacy agency operating in Oregon and Washington.  **ECKLAND'S** duties as the bookkeeper included maintaining the books and records of the agency, doing the payroll, filing employment tax returns of the adoption agency, and paying the quarterly employment taxes to

/ / /

the IRS. **ECKLAND** provided financial statements of the adoption agency to the Board of Directors, but she did not have signature authority over the agency's bank accounts.

3. In December 2015, **ECKLAND'S** brother-in-law passed away, and defendant's husband was made the trustee and executor of the estate. **ECKLAND** assisted her husband with these duties. As part of his duties as executor of the estate, **ECKLAND'S** husband was tasked with selling the assets of his deceased brother, paying estate bills, and preserving the remaining funds in an estate bank account for the benefit of the estate. The beneficiaries of the estate were the deceased brother's children, Adult Victim 3 and Adult Victim 4 (hereinafter AV3 and AV4. An estate bank account ending in X9963 was opened at Umpqua Bank, and the only person with signature authority on the account was **ECKLAND'S** husband.

## II. THE MATERIAL SCHEME TO DEFRAUD

4. Beginning in or about 2011 and continuing through in or about April 2018, in the District of Oregon, **ECKLAND** devised a material scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

5. As part of the material scheme to defraud, **ECKLAND** obtained and exercised control over the books, records, and finances of the adoption agency. It was part of the material scheme to defraud, that **ECKLAND** stole funds directly from the adoption agency's Premier Community Bank accounts ending in X2157 and X2130 by making unauthorized wire transfers to her personal U.S. Bank account ending in X4215, and by writing unauthorized checks to herself. Defendant **ECKLAND** also transferred unauthorized funds in the form of bonuses from the adoption agency's bank account ending in X2130 to her own bank account.

6. As part of the material scheme to defraud, **ECKLAND** maintained two separate QuickBooks files for the adoption agency. One version showed the business books as they

should have been maintained.  **ECKLAND** used this file to provide financial statements to the Board of Directors and to the business accountants.  A separate version of the QuickBooks files that **ECKLAND** created showed the true payments she made to herself over the course of her employment.  In the second set of QuickBooks, defendant most frequently categorized the excess payments she made to herself as "Misc II."  Transactions in this account totaled $1,202,266.51.  Defendant also used an account in the second set of QuickBooks that she labeled "Bonus" to classify additional payments of $40,477.97 to herself.  As a way to make and conceal unauthorized transfers of money from the adoption agency to herself, **ECKLAND** created phony payroll accounts for non-existent employees, and caused electronic transfers of the non-existent employees' "pay" to her personal U.S. bank account ending in X4215.

7.   As part of the material scheme to defraud, between December 2017 and March 2018, defendant **ECKLAND** also wrote approximately $22,500 in checks to herself on the adoption agency's Premier Community Bank account ending in X2157.  **ECKLAND** forged the signature of adoption agency owner AV1 on the checks, deposited or cashed them, and took the money for her personal use.  Premier Community Bank suffered a loss of $16,000, while the adoption agency and AV1 lost $6,500 on these unauthorized forged checks.

8.   As part of the material scheme to defraud, defendant **ECKLAND** also made unauthorized charges of approximately $32,500 to the PayPal credit card account of adoption agency owner AV2.  **ECKLAND** transferred the funds to her personal U.S. Bank account ending in X4215.  AV2 contested the charges, and PayPal wrote off these charges and took the $32,500 loss.

9.   As part of the material scheme to defraud, and to conceal her embezzlement from the owners of the adoption agency, **ECKLAND** applied for loans from at least five lending

agencies in 2016, 2017 and 2018, using the name of the adoption agency without AV1's or AV2's knowledge or approval.  **ECKLAND** made unauthorized pledges of the receivables from the adoption agency to secure these loans.  To obtain these loans from the lenders, **ECKLAND** altered the records of the adoption agency, making it appear that she was the owner of the agency and authorized to enter into loan agreements.

10. As part of the material scheme to defraud and to further conceal her embezzlement of funds from the adoption agency, **ECKLAND** stole funds from the Umpqua Bank estate account ending in X9963 by making unauthorized transfers of funds to herself via electronic funds transfers, by altering hard copies of checks, and by forging her husband's signature on unauthorized hard copies of checks and cashing or depositing the checks.  As a way to conceal her theft from the adoption agency and its owners, **ECKLAND** used some of the funds from the estate bank account to send money to and from the adoption agency's bank accounts.  Defendant stole approximately $123,900 from the Umpqua Bank estate account ending in X9963.

11. As part of her duties at the adoption agency, **ECKLAND** was responsible for preparing and filing the quarterly employment tax returns of the adoption agency with the Internal Revenue Service.  It was part of the material scheme to defraud and to conceal her embezzlement, that beginning in the second quarter of 2016, and lasting through the fourth quarter of 2017, **ECKLAND** ceased making the employment tax deposits for the adoption agency and stopped filing the employment tax returns with the IRS (Forms 941).

12. As part of the material scheme to defraud and to conceal her embezzlement, **ECKLAND** failed to report to the IRS, any of the embezzled funds on her joint U.S. Individual Income Tax Returns, Forms 1040, for the calendar years 2013, 2014, and 2017.

## COUNT 1
## (Wire Fraud)
## (18 U.S.C. § 1343)

13. The allegations in paragraphs 1 through 12 of the Introduction and The Material Scheme to Defraud sections above are incorporated by reference as if fully set forth herein.

14. On or about June 15, 2017, in the District of Oregon and elsewhere, defendant **ECKLAND**, for the purpose of executing the aforementioned material scheme and artifice to defraud, did knowingly transmit and cause to be transmitted in interstate commerce by means of wire communications, signals and sounds, that is an electronic funds transfer in the amount of $18,478.40 from the adoption agency's Premier Community Bank account ending in X2130 to her personal U.S. Bank account ending in X4215.

All in violation of Title 18, United States Code, Section 1343.

## COUNT 2
## (Aggravated Identity Theft)
## (18 U.S.C. § 1028A(a)(1))

1. The allegations set forth in paragraphs 1 through 14 of Count 1 of the Information are incorporated by reference as if fully set forth herein.

2. Between in or about December 2017 and March 2018, in the District of Oregon and elsewhere, defendant **MELODIE A. ECKLAND**, did knowingly possess and use, without lawful authority, various means of identification of other persons, including names, signatures, bank account numbers, and credit card numbers, during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), to wit: 18 U.S.C. § 1343, Wire Fraud, and § 1344, Bank Fraud, knowing that the means of identification belonged to other actual persons.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT 3
### (Making and Subscribing a False Federal Income Tax Return)
### (26 U.S.C. § 7206(1))

1. The allegations set forth in paragraphs 1 through 14 of Count 1, and paragraphs 1 and 2 of Count 2 of this Information are incorporated by reference as if fully set forth herein.

2. On or about April 15, 2018, in the District of Oregon, defendant **MELODIE A. ECKLAND** did willfully make and subscribe a joint U.S. Individual Income Tax Return, Form 1040, for calendar year 2017, which was verified by a written declaration that it was made under the penalties of perjury, and which she did not believe to be true and correct as to every material matter. That joint U.S. Individual Income Tax Return, Form 1040, for calendar year 2017, which was prepared and signed in the District of Oregon and was filed with the Internal Revenue Service, stated that her adjusted gross income, Line 22, was $89,909, whereas, as she then and there well knew and believed, she received substantial income in addition to the amount stated on the return.

All in violation of Title 26, United States Code, Section 7206(1).

## COUNT 4
### (Failure to Account For and Pay Over Withholding and FICA Taxes)
### (26 U.S.C. § 7202)

1. The allegations set forth in paragraphs 1 through 14 of Count 1, and paragraphs 1 and 2 of Counts 2 and 3 of this Information are incorporated by reference as if fully set forth herein.

2. From in or about January 2011 through at least April 2018, defendant **MELODIE A. ECKLAND**, a resident of Hillsboro, Oregon, was the bookkeeper for a non-profit adoption and surrogacy agency doing business in Oregon and Washington.

3.  As an employer of more than two individuals, the adoption agency was required to file Forms 941 ("F941"), Employer's Quarterly Federal Tax Returns, withhold federal income taxes and FICA taxes (social security tax and Medicare tax) from each employee, and pay these amounts to the Internal Revenue Service. FICA taxes are used to pay the retirement and hospital benefits of older Americans, and provide benefits to widows and widowers, disabled workers, and children who have lost working parents.

4.  As part of her duties as the bookkeeper for the adoption agency, defendant **ECKLAND** was responsible for filing the agency's Employer's Quarterly Federal Tax Returns (Forms 941) with the IRS. In addition, as part of her duties as the bookkeeper, defendant **ECKLAND** was responsible for collecting and paying over to the IRS, the quarterly federal income taxes and FICA taxes (social security tax and Medicare tax) withheld from the wages of each adoption agency employee.

5.  During the fourth quarter of calendar year 2017, beginning October 1, 2017, and ending December 31, 2017, in the District of Oregon, defendant **ECKLAND** did willfully fail to truthfully account for and pay over to the IRS the federal income taxes and FICA taxes withheld from the wages of the adoption agency's employees, and due and owing to the United States of America for the fourth quarter of calendar year 2017, ending on December 31, 2017.

All in violation of Title 26, United States Code, Section 7202.

## FORFEITURE ALLEGATION

1.  The allegations set forth in each paragraph of Count 1 are incorporated by reference as if fully set forth herein.

2.  Upon conviction of the offense alleged in Count 1 of the Information, defendant **MELODIE A. ECKLAND** shall forfeit to the United States pursuant to 18 U.S.C. §

981(a)(1)(C) and 28 U.S.C. § 2461(c) any property constituting or derived from proceeds obtained directly or indirectly as a result of said violation, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offense of Wire Fraud, in violation of 18 U.S.C. § 1343, as alleged in the above-listed Count 1.

3. If any of the above-described forfeitable property, as a result of any act of omission of the defendant(s):

    a. Cannot be located upon the exercise of due diligence;

    b. Has been transferred or sold to, or deposited with, a third party;

    c. Has been placed beyond the jurisdiction of the court;

    d. Has been substantially diminished in value; or

    e. Has been commingled with other property which cannot be divided without difficulty;

It is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek forfeiture of any other property of **MELODIE A. ECKLAND** up to the value of the forfeitable property described above.

Dated: June 2, 2021                                                  Respectfully submitted,

                                                                           SCOTT ERIK ASPHAUG
                                                                           Acting United States Attorney

                                                                           */s/ Claire M. Fay*
                                                                           **CLAIRE M. FAY, DCB #358218**
                                                                           Assistant United States Attorney